IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID E. SHAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-1568-D |
| VS. | § | |
| | § | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION

Plaintiff David Earl Shaw ("Shaw") brings this *pro se* action under § 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Act, 42 U.S.C. § 423, and for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1382c. For the reasons that follow, the Commissioner's decision is affirmed.

I

Shaw was 44 years old at the time of the alleged onset of his disability. He is classified under 20 C.F.R. § 404.1563 (2010) as a "younger person." Shaw has normal intelligence, and he previously worked in a warehouse. Since his onset date of May 7, 2005, he has not engaged in any substantial gainful activity. On June 18, 2007 and September, 26, 2007 Shaw filed applications for disability insurance benefits and supplemental security income,

respectively, and his claims were denied initially and on reconsideration. He timely requested a hearing before an administrative law judge (“ALJ”), and he waived his right to appear personally and testify at the hearing. The ALJ found that Shaw was not disabled.

In his decision, the ALJ followed the five-step sequential process of 20 C.F.R. § 416.920(a) (2010) for determining whether Shaw is disabled. At step one, the ALJ found that Shaw has not engaged in substantial gainful activity since May 7, 2005. At step two, the ALJ found that Shaw has severe impairments of hypertension, gout, and obesity. R. 9. The ALJ found at step three that Shaw does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ also found that Shaw’s residual functional capacity (“RFC”) enables him to lift ten pounds maximum and to stand two hours and sit six hours in an eight-hour period. R. 10. At step four, the ALJ found that Shaw cannot perform his past relevant work as a warehouse worker. R. 14. But the ALJ found at step five that Shaw is able to perform other jobs that exist in significant numbers in the national economy. *Id.* The ALJ therefore found that Shaw is not disabled within the meaning of the Act.

Shaw sought review by the Appeals Council, which denied review, and the ALJ’s decision thus became the final decision of

the Commissioner. Shaw seeks judicial review, and in his *pro se* memorandum he appears to assert the following as the grounds for overturning the Commissioner's decision: the doctor statements are false, the transcript is not true, the medical is false, the statements of the doctors are not facts.[1]

II

The court's review of the Commissioner's decision is limited to determining whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards to evaluate the evidence. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam). "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (footnotes omitted).

"The court may not reweigh the evidence or try the issues de novo or substitute its judgment for that of the [Commissioner]." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). "If the

---

[1]Shaw's *pro se* memorandum contains allegations that are wholly conclusory and not supported by citations to the record. The court therefore will determine generally whether Shaw has shown that the Commissioner's decision is not supported by substantial evidence and whether he has established that the Commissioner failed to apply the proper legal standards when evaluating the evidence.

Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez*, 64 F.3d at 173. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990) (per curiam)). "To make a finding of 'no substantial evidence,' [the court] must conclude that there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983). Even if the court should determine that the evidence preponderates in the claimant's favor, the court must still affirm the Commissioner's findings if there is substantial evidence to support these findings. *See Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985). The resolution of conflicting evidence is for the Commissioner rather than for this court. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam).

For purposes of social security determinations, "disability" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the Commissioner uses a five-step sequential inquiry. *Leggett,* 67 F.3d at 563; *Martinez,* 64 F.3d at 173-74. The Commissioner must consider whether (1) the claimant is presently working; (2) the claimant's ability to work is significantly limited by a physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform relevant work that exists in significant numbers in the national economy. *Leggett*, 67 F.3d at 563-64 n.2; *Martinez*, 64 F.3d at 173-74; 20 C.F.R. § 404.1520 (2010). "The burden of proof is on the claimant for the first four steps, but shifts to the [Commissioner] at step five." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (per curiam) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989) (per curiam)). At step five, once the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir. 1990) (per curiam).

When determining the propriety of a decision of "not disabled," this court's function is to ascertain whether the record considered as a whole contains substantial evidence that supports

the final decision of the Commissioner, as trier of fact. The court weighs four elements of proof to decide if there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) age, education, and work history. *Martinez*, 64 F.3d at 174 (citing *Wren v. Sullivan,* 925 F.2d 123, 126 (5th Cir. 1991) (per curiam)). "The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley*, 67 F.3d at 557. "If the ALJ does not satisfy [this] duty, [the] decision is not substantially justified." *Id.* Reversal of the ALJ's decision is appropriate, however, "only if the applicant shows that he was prejudiced." *Id.* The court will not overturn a procedurally imperfect administrative ruling unless the substantive rights of a party have been prejudiced. *See Smith v. Chater*, 962 F. Supp. 980, 984 (N.D. Tex. 1997) (Fitzwater, J.).

III

Shaw's conclusory grounds for obtaining relief are insufficient of themselves to warrant disturbing the Commissioner's decision. The court therefore focuses on the Commissioner's contention that substantial evidence supports the ALJ's RFC determination and the ALJ's credibility determination.[2]

---

[2]The Commissioner notes that he is unable to discern what Shaw is arguing and therefore establishes in his motion only that substantial evidence supports the decision.

A

The court first addresses whether there is substantial evidence to support the ALJ's RFC determination. The ALJ determined that Shaw could perform and sustain a full range of sedentary work, which includes lifting ten pounds, sitting for six hours in an eight-hour period, and standing for two hours in an eight-hour period. R. 10. In reaching this conclusion, the ALJ considered the following: (1) Shaw sought treatment for hypertension and gout; (2) Shaw was a chronic smoker; (3) Shaw asserted that he can walk four to five blocks, stand for two hours, sit for several hours, climb one flight of stairs, lift twenty pounds, and handle objects; (4) the record indicated that Shaw had just two doctors appointments more than three years ago; and (5) Shaw worked after May 7, 2005 but the work did not rise to the level of substantial gainful activity. R. 9-14. A consulting examination by Narendra A. Patel, M.D. ("Dr. Patel") confirmed that Shaw is a chronic smoker, has a normal lumbar spine with some aches and pains, has bunions, is morbidly obese, and has untreated hypertension. R. 187. The ALJ properly took these findings into account in determining a sedentary RFC. The court therefore holds that substantial evidence supports the ALJ's finding of Shaw's RFC.

B

The ALJ also found that Shaw's statements concerning the intensity, persistence, and limiting effects of his symptoms were

not credible to the extent they were inconsistent with the ALJ's RFC assessment. R. 12. The ALJ has the responsibility to make credibility determinations. *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citing *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987) (per curiam)).

Substantial evidence supports the ALJ's determination that Shaw's statements that are inconsistent with the RFC assessment are not credible. As the Commissioner points out, the record contains no evidence of disabling limitations or pain that is so severe as to preclude sedentary work. Moreover, the record does not reflect past treatment consistent with a finding of a more limiting RFC. Finally, Shaw reported that he maintained his personal hygiene, cooked, washed dishes, loaded the dishwasher, did laundry, swept, vacuumed, shopped for groceries, and used public transportation. R. 11, 13. These activities are consistent with the ALJ's RFC assessment. The court therefore holds that there is substantial evidence to support the ALJ's credibility determination.

* * *

For the reasons explained, the Commissioner's decision is AFFIRMED.

December 8, 2010.

SIDNEY A. FITZWATER
CHIEF JUDGE